| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>HANAN HASSAN<br>710 S. Highland Ln.<br>Anaheim, CA 92807<br>(951) 377-9514<br><br>☒ *Individual appearing without counsel*<br>☐ *Attorney for:* | FOR COURT USE ONLY<br><br>FILED<br>JAN 12 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: Deputy Clerk |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re: RICKY RAY SANDERS<br>LINDA LYNETTE SANDERS | CHAPTER: 7<br><br>CASE NO.: 2:10-bk-65082-ER |
| Debtor(s). | DATE: 2/7/11<br>TIME: 10:00 am<br>CTRM: 1568<br>FLOOR: 15 |

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations)

## (MOVANT: HANAN HASSAN)

## (Unlawful Detainer)

1. NOTICE IS HEREBY GIVEN to the Debtor(s), Debtor's(s') attorney, and other interested parties ("Responding Party") that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay or for an order confirming that the automatic stay does not apply as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

   ☐ NOTICE IS ALSO GIVEN to the Trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2. **Hearing Location:**
   ☒ **255 East Temple Street, Los Angeles**
   ☐ **411 West Fourth Street, Santa Ana**
   ☐ **21041 Burbank Boulevard, Woodland Hills**
   ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of the Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing ☐ at least _______ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

*(Continued on next page)*

| In re (SHORT TITLE)<br>RICKY RAY SANDERS; LINDA LYNETTE SANDERS<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:10-bk-65082-ER |
|---|---|

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 1/11/11

______________________________
*Print Law Firm Name (if applicable)*

HANAN HASSAN
*Print Name of Individual Movant or Attorney for Movant*

______________________________
*Signature of Individual Movant or Attorney for Movant*

| In re (SHORT TITLE) RICKY RAY SANDERS; LINDA LYNETTE SANDERS Debtor(s). | CHAPTER: 7 CASE NO.: 2:10-bk-65082-ER |
|---|---|

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY (Unlawful Detainer)

**(MOVANT:** HANAN HASSAN **)**

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):

   *Street Address:* 1430 Honeyhill Dr.
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Diamond Bar, CA 91789

   **The Property is:** ☒ Residential ☐ Nonresidential

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on *(specify date)*: 12/28/10
   b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on *(specify date)*:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☐ Other bankruptcy cases of the Debtor were pending within the year ending on the petition date. See attached Declaration.
   e. ☐ Other bankruptcy cases affecting this Property have been pending within the two years ending on the petition date. See attached Declaration.

3. **Grounds for Relief from Stay:** (*Check all that apply)*
   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:
      (1) ☐ An unlawful detainer judgment in favor of Movant was entered prepetition.
         A. ☐ The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).
         B. ☐ The debtor or adult dependent of debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.
         C. ☐ The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.
         D. ☐ The Movant has filed and served an objection to the certification referenced in (a)(1)(A) and/or (a)(1)(C) above. A copy of the objection is attached hereto as Exhibit ______. A hearing on this objection is set for: __________.
      (2) ☒ An unlawful detainer proceeding was commenced prepetition.
      (3) ☐ Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.
      (4) ☐ Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.
      (5) ☐ The lease or other right of occupancy expired by its terms prepetition.
      (6) ☐ The lease has been rejected or deemed rejected by operation of law.
      (7) ☒ Lease payments have not been made since the filing of the petition.

| In re (SHORT TITLE)<br>RICKY RAY SANDERS; LINDA LYNETTE SANDERS<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:10-bk-65082-ER |
|---|---|

(8) ☐ An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property or because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substances on the property. A copy of Movant's certification is attached as Exhibit ______. Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit ______. A hearing on this objection is set for: ______________.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

(1) ☒ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

(2) ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

(3) ☒ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

4. **Evidence in Support of Motion:** ***(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)***

☒ Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

☐ Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following *(specify forms of relief requested)*:**

1. ☒ Termination of the stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. ☐ An order confirming that the automatic stay does not apply.

4. ☒ Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

   a. Establishment of a deadline for assumption or rejection of the lease.

   b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

*(Continued on next page)*

| In re (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| RICKY RAY SANDERS; LINDA LYNETTE SANDERS<br>Debtor(s). | CASE NO.: 2:10-bk-65082-ER |

5. Additional provisions requested:
   a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.
   c. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
   d. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER).*
   e. ☐ For other relief requested, see attached continuation page.

Dated: 1/11/11

Respectfully submitted,

HANAN HASSAN
*Movant Name*

*Firm Name of Attorney for Movant (if applicable)*

By: [signature]
*Signature*

Name: HANAN HASSAN
*Typed Name of Individual Movant or Attorney for Movant*

| In re (SHORT TITLE)<br>RICKY RAY SANDERS; LINDA LYNETTE SANDERS<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:10-bk-65082-ER |
|---|---|

## UNLAWFUL DETAINER DECLARATION
## (MOVANT: HANAN HASSAN)

I, HANAN HASSAN, declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the residential or nonresidential real property that is the subject of this Motion ("Property") because:

   ☒ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as *(state title and capacity)*:

   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The address of the Property that is the subject of this Motion is:

   *Street Address:* 1430 Honeyhill Dr.
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Diamond Bar, CA 91789

4. Movant is the legal owner of the Property, or the owner's legally authorized agent. A true and correct copy of the Trustee's Deed upon Sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit A. A true and correct copy of any applicable document establishing Movant's authority as agent for the owner is attached as Exhibit ______.

5. The Property is: ☒ residential property ☐ nonresidential property
   a. Debtor(s) occupies the Property
      ☐ on a month-to-month tenancy ☒ pursuant to a lease that is in default
      ☐ after a foreclosure sale on: ____________ ☐ other *(specify)*:
   b. ☒ Debtor(s) has/have failed to pay the monthly rent of $2,295.00 since the following date *(specify date)*: 1/1/11
   c. ☐ In addition, Debtor(s) has/have failed to pay other obligations under the lease, including the following (*See attached continuation page for itemization)*:
      (1) ☐ Common area maintenance charges
      (2) ☐ Property taxes
      (3) ☐ For additional obligations, see attached continuation page.

*(Continued on next page)*

| In re (SHORT TITLE) RICKY RAY SANDERS; LINDA LYNETTE SANDERS Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:10-bk-65082-ER |
|---|---|

6. Debtor's(s') bankruptcy petition in this case was filed on *(specify date)*: 12/28/10

7. Procedural status *(indicate all that apply, and provide dates for completed steps)*:

   a. ☒ Movant caused a Notice to Quit to be served upon the Debtor(s) on *(specify date)*: 11/7/10
   A true and correct copy of which is attached hereto as Exhibit B______

   b. ☒ Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the following:

   (1) ☒ Movant filed a Complaint for Unlawful Detainer against the Debtor(s) on *(specify date)*: 11/29/10, a true and correct copy of which is attached as Exhibit C______.

   (2) ☐ Trial was held on *(specify date)*:

   (3) ☐ An Unlawful Detainer Judgment against the Debtor(s) was entered on the Complaint for Unlawful Detainer on *(specify date)*:____________, a true and correct copy of which is attached as Exhibit _______.

   (4) ☐ A Writ of Possession for the Property was issued by the state court on *(specify date)*:________, a true and correct copy of which is attached as Exhibit _______.

   (5) ☒ The Debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

   (6) ☒ The Debtor or adult dependent of Debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.

   (7) ☐ The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

   (8) ☐ Movant has filed and served an objection to Debtor's certification referenced in paragraph (5) and/or (7) above, a copy of which is attached hereto as Exhibit ____. A hearing on this objection is set for: ___________________.

   (9) ☐ An eviction action has been filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that Debtor has endangered the subject property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit ____.
   Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if filed, is attached hereto as Exhibit _____. A hearing on this objection is set for: __________________.

   c. ☐ The lease was rejected on ______________________ *(date)*:

   (1) ☐ by operation of law.

   (2) ☐ by Order of the Court.

   d. ☒ The regular lease payments have not been made since the filing of the petition.

8. ☐ Debtor(s) has/have no equity in the Property because Debtor(s) does/do not have a lease interest that could be assumed or assigned under 11 U.S.C. § 365.

9. ☐ The Property is not necessary to an effective reorganization because *(specify)*:

   a. ☐ The Property is residential and is not producing income for the Debtor(s).

   b. ☐ The Property is commercial, but no reorganization is reasonably in prospect.

   c. ☐ Other *(specify)*:

*(Continued on next page)*

| In re (SHORT TITLE) RICKY RAY SANDERS; LINDA LYNETTE SANDERS Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:10-bk-65082-ER |
|---|---|

10. ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
   a. ☒ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
   b. ☐ Other bankruptcy cases have been filed asserting an interest in the same property.
   c. ☒ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.
   d. ☐ Other *(specify)*:

11. ☐ Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:

   a. Case Name:
      Case Number: Chapter:
      Date Filed: Date Dismissed:
      Relief from stay re this Property ☐ was ☐ was not granted.

   b. Case Name:
      Case Number: Chapter:
      Date Filed: Date Dismissed:
      Relief from stay re this Property ☐ was ☐ was not granted.

   c. ☐ See attached continuation page for more information about other cases.

12. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.
   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.
   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 11 above.
   c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** 1/11/11 ____, ____, **at** Santa Ana, CA ____ ***(city, state).***

HANAN HASSAN
*Print Declarant's Name*

[signature]
*Signature of Declarant*

| | |
|---|---|
| In re (SHORT TITLE)<br>RICKY RAY SANDERS; LINDA LYNETTE SANDERS<br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:10-bk-65082-ER |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
600 W. Santa Ana Blvd., Ste 114
Santa Ana, CA 92701

A true and correct copy of the foregoing document described as Notice of Motion and Motion for Relief from Stay ______ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ______ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 1/11/10 ______ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Ricky Ray Sanders
Linda Lynette Sanders
1430 Honeyhill Dr.
Diamond Bar, CA 91789

Carl A. Luf
Attorney for Debtors
2135 Santa Anita Ave
Altadena, CA 91001

Trustee
Elissa Miller
333 S. Hope St.
35th Floor
Los Angeles, CA 90071

U.S. Trustee (LA)
725 S. Figueroa St.
26th Floor
Los Angeles, CA 90017

Edward R. Roybal
Federal Bldg.
255 E. Temple St. Ste 1560
Courtroom 1568
Los Angeles
CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ______ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/11/10 | Sam Rabahieh | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

CALIFORNIA ASSOCIATION OF REALTORS®

# RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT

(C.A.R. Form LR, Revised 11/08)

Date 08/07/2010, Sara Hassan ("Landlord") and Linda Sanders, Ricky Sanders ("Tenant") agree as follows:

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: 1430 Honeyhill dr., Walnut CA 91789 ("Premises").
   B. The Premises are for the sole use as a personal residence by the following named person(s) only: ______
   C. The following personal property, maintained pursuant to paragraph 11, is included: Stove, Microwave, Refridgerator in garage, Dishwasher or ☐ (if checked) the personal property on the attached addendum.

2. **TERM:** The term begins on (date) August 15, 2010 ("Commencement Date"), (Check A or B):
   ☐ A. **Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be given on any date.
   ☒ B. **Lease:** and shall terminate on (date) August 31, 2011 at 10 ☐ AM/ ☒ PM. Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and effect.

3. **RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.
   A. Tenant agrees to pay $ 2,295.00 per month for the term of the Agreement.
   B. Rent is payable in advance on the 1st (or ☐ ______) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated based on a 30-day period.
   D. PAYMENT: Rent shall be paid by ☒ personal check, ☒ money order, ☒ cashier's check, or ☐ other ______, to (name) Sara Hassan (phone) (714) 403-8410 at (address) 710 S. Highland ln. Anaheim CA 92807, (or at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if checked, rent may be paid personally between the hours of ______ and ______ on the following days ______). If any payments is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☒ cashier's check.

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $ 2,295.00 as a security deposit. Security deposit will be ☒ transferred to and held by the Owner of the Premises, or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: (1) furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and (2) return any remaining portion of the security deposit to Tenant.
   C. **Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.**
   D. No interest will be paid on security deposit unless required by local law.
   E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

5. **MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to Sara Hassan shall be paid by ☒ personal check, ☒ money order, or ☒ cashier's check.

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from 08/15/2010 to 08/30/2010 (date) | RS 1147.50 ~~[illegible]~~ | | $1147.50 ~~[illegible]~~ | RS |
| *Security Deposit | $2,295.00 | | $2,295.00 | |
| Other ______ | | | | |
| Other ______ | | | | |
| Total | $3442.50 ~~[illegible]~~ | RS | $3442.50 ~~[illegible]~~ | RS |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for unfurnished premises, or three months' Rent for furnished premises.

Tenant's Initials ( RS ) ( [illegible] )
Landlord's Initials ( SH ) ( ______ )

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Reviewed by ______ Date ______

EQUAL HOUSING OPPORTUNITY



Agent: Phone: (714) 403-8410 Fax: (714) 996-7771 Prepared using zipForm® software
Broker:

EXHIBIT A

Premises: 1430 Honeyhill dr. Walnut, CA 91789 Date: 8-7-10

6. **LATE CHARGE; RETURNED CHECKS:**
   - **A.** Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ☐ ______ ) calendar days after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ 50.00 ______ or ______ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.
   - **B.** Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

7. **PARKING: (Check A or B)**
   - ☐ **A.** Parking is permitted as follows: As per city code ______

     The right to parking ☒ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ ______ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.
   - OR ☐ **B.** Parking is not permitted on the Premises.

8. **STORAGE: (Check A or B)**
   - ☐ **A.** Storage is permitted as follows: ______

     The right to storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ ______ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.
   - OR ☐ **B.** Storage is not permitted on the Premises.

9. **UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: lawn ______ except garbage ______, which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

10. **CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke detector(s).
    **(Check all that apply:)**
    - ☒ **A.** Tenant acknowledges these items are clean and in operable condition, with the following exceptions: ______
    - ☐ **B.** Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).
    - ☐ **C.** Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or ☐ ______ ) days after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.
    - ☐ **D.** Other: ______

11. **MAINTENANCE:**
    - **A.** Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all smoke detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.
    - **B.** ☐ Landlord ☒ Tenant shall water the garden, landscaping, trees and shrubs, except: ______
    - **C.** ☐ Landlord ☒ Tenant shall maintain the garden, landscaping, trees and shrubs, except: ______
    - **D.** ☐ Landlord ☐ Tenant shall maintain ______
    - **E.** Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.
    - **F.** The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: ______

Tenant's Initials ( ______ )( ______ )
Landlord's Initials ( ______ )( ______ )

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.


Reviewed by ______ Date ______

EQUAL HOUSING OPPORTUNITY



EXHIBIT 4

#1503-002

Premises: 1430 Honeyhill dr. Walnut, CA 91789 Date: 8-7-10

12. **NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.
13. **PETS:** Unless otherwise provided in California Civil Code § 54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except: No pets.
14. ☐ (If checked) **NO SMOKING:** No smoking is allowed on the Premises. If smoking does occur on the Premises, (i) Tenant is responsible for all damage caused by the smoking including, but not limited to, stains, burns, odors and removal of debris; (ii) Tenant is in breach of this Agreement; (iii) Tenant, Authorized Guests, and all others may be required to leave the Premises; and (iv) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and drapes and paint entire Premises regardless of when these items were last cleaned or replaced. Such actions and other necessary steps will impact the return of any security deposit.
15. **RULES/REGULATIONS:**
    A. Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.
    B. **(If applicable, check one)**
    ☐ 1. Landlord shall provide Tenant with a copy of the rules and regulations within _____ days or ________________.
    OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.
16. ☐ (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**
    A. The Premises is a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is ________________. Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions. Landlord shall provide Tenant copies of rules and regulations, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.
    B. **(Check one)**
    ☐ 1. Landlord shall provide Tenant with a copy of the HOA rules and regulations within _____ days or ________________.
    OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the HOA rules and regulations.
17. **ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 29C, without Landlord's prior written consent, (i) Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; (ii) Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; (iii) Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and (iv) any deduction made by Tenant shall be considered unpaid Rent.
18. **KEYS; LOCKS:**
    A. Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ ________________):
    ☒ 2 key(s) to Premises, ☒ 2 remote control device(s) for garage door/gate opener(s),
    ☐ _____ key(s) to mailbox, ☐ ________________,
    ☐ _____ key(s) to common area(s), ☐ ________________.
    B. Tenant acknowledges that locks to the Premises ☐ have, ☐ have not, been re-keyed.
    C. If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.
19. **ENTRY:**
    A. Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.
    B. Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows: 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. Notice may be given orally to show the Premises to actual or prospective purchasers provided Tenant has been notified in writing within 120 days preceding the oral notice that the Premises are for sale and that oral notice may be given to show the Premises. No notice is required: (i) to enter in case of an emergency; (ii) if the Tenant is present and consents at the time of entry or (iii) if the Tenant has abandoned or surrendered the Premises. No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement.
    C. ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).
20. **SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.
21. **ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord,

Tenant's Initials ( RL )( LL )
Landlord's Initials ( SH )( _____ )

Reviewed by _______ Date _______

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.


EXHIBIT 4

#1503-004

1430 Honeyhill dr.
Premises: Walnut, CA 91789 Date: 8-7-10

terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

22. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

23. ☒ **LEAD-BASED PAINT (If checked):** Premises was constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

24. ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises is located within one mile of an area once used for military training, and may contain potentially explosive munitions.

25. ☐ **PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.

26. ☐ **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

27. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

28. **POSSESSION:**

A. Tenant is not in possession of the premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or ☐ ________ ) calendar days after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.

B. ☐ Tenant is already in possession of the Premises.

29. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:**

A. Upon termination of this Agreement, Tenant shall: (i) give Landlord all copies of all keys or opening devices to Premises, including any common areas; (ii) vacate and surrender Premises to Landlord, empty of all persons; (iii) vacate any/all parking and/or storage space; (iv) clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; (v) remove all debris; (vi) give written notice to Landlord of Tenant's forwarding address; and (vii) ________________________________________.

B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.

C. **Right to Pre-Move-Out Inspection and Repairs:** (i) After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. (ii) Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. (iii) Tenant shall: (a) obtain receipts for Repairs performed by others; (b) prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and (c) provide copies of receipts and statements to Landlord prior to termination. Paragraph 29C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).

30. **BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 29, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

31. **TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

32. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

33. **INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. Tenant is

Tenant's Initials ( RS )( SL )
Landlord's Initials ( SH )( ______ )

Reviewed by ________ Date ________

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.


EXHIBIT A

#1503-005

MAY-17-2007 03:31 From: Page:6/10

Premises: 1430 Honeyhill dr. Walnut, CA 91789 Date: 8-7-10

advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage. Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: (i) an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or (ii) loss of insurance.

34. **WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: (i) Tenant obtains a valid waterbed insurance policy; (ii) Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and (iii) the bed conforms to the floor load capacity of Premises.

35. **WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

36. **NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:

Landlord: Sara Hassan
710 s. Highland ln. Anaheim CA 92807

Tenant: Linda Sanders, Ricky Sanders
1430 Honeyhill dr. Walnut CA 91789

37. **TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

38. **TENANT REPRESENTATIONS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: (i) before occupancy begins; (ii) upon disapproval of the credit report(s); or (iii) at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.

39. **MEDIATION:**

A. Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.

B. The following matters are excluded from mediation: (i) an unlawful detainer action; (ii) the filing or enforcement of a mechanic's lien; and (iii) any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.

C. Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

40. **ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 39A.

41. **C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

42. **OTHER TERMS AND CONDITIONS; SUPPLEMENTS:** ☐ Interpreter/Translator Agreement (C.A.R. Form ITA); ☐ Keysafe/Lockbox Addendum (C.A.R.Form KLA); ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD)

The following ATTACHED supplements are incorporated in this Agreement: ______

43. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

44. **AGENCY:**

A. **CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
Listing Agent: (Print firm name) ______
is the agent of (check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
Leasing Agent: (Print firm name) ______
(if not same as Listing Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.

B. **DISCLOSURE:** ☐ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

45. ☐ **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

Tenant's Initials ( RS )( LS )
Landlord's Initials ( SH )( ______ )

Reviewed by ______ Date ______

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.


EXHIBIT A

#1503-006

Premises: 1430 Honeyhill dr. Walnut, CA 91789 Date: 8-7-10

46. ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: ________. Landlord and Tenant acknowledge receipt of the attached interpretor/translator agreement (C.A.R. Form ITA).

47. **FOREIGN LANGUAGE NEGOTIATION:** If this Agreement has been negotiated by Landlord and Tenant primarily in Spanish, Chinese, Tagalog, Korean or Vietnamese, pursuant to the California Civil Code Tenant shall be provided a translation of this Agreement in the language used for the negotiation.

48. **OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LCA).

49. **RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

Landlord and Tenant acknowledge and agree Brokers: (a) do not guarantee the condition of the Premises; (b) cannot verify representations made by others; (c) cannot provide legal or tax advice; (d) will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: (e) do not decide what rental rate a Tenant should pay or Landlord should accept; and (f) do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

**Tenant agrees to rent the Premises on the above terms and conditions.**

Tenant [signature] Linda Sanders Date 08/07/10
Address 1430 Honeyhill dr. City Walnut State CA Zip 91789
Telephone ________ Fax ________ E-mail ________

Tenant [signature] Ricky Sanders Date 08/07/10
Address 1430 Honeyhill dr. City Walnut State CA Zip 91789
Telephone ________ Fax ________ E-mail ________

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: (i) guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; (ii) consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and (iii) waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) ________
Guarantor ________ Date ________
Address ________ City ________ State ____ Zip ____
Telephone ________ Fax ________ E-mail ________

**Landlord agrees to rent the Premises on the above terms and conditions.**

Landlord [signature] Landlord ________
Sara Hassan
Address 710 S. Highland ln., Anaheim, CA 92807
Telephone (714)403-8410 Fax ________ E-mail shass002@gmail.com

**REAL ESTATE BROKERS:**

A. Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.

B. Agency relationships are confirmed in paragraph 44.

C. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: (i) the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or (ii) ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Listing Firm) ________ DRE Lic. # ________
By (Agent) ________ DRE Lic. # ________ Date ________
Address ________ City ________ State ____ Zip ____
Telephone ________ Fax ________ E-mail ________

Real Estate Broker (Leasing Firm) ________ DRE Lic. # ________
By (Agent) ________ DRE Lic. # ________ Date ________
Address ________ City ________ State ____ Zip ____
Telephone ________ Fax ________ E-mail ________

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by ________ Date ________



EXHIBIT A

#1503-007

CALIFORNIA ASSOCIATION OF REALTORS®

# NOTICE TO PAY RENT OR QUIT
(C.A.R. Form PRQ, Revised 4/03)

To: Linda Sanders ("Tenant")
Ricky Sanders ("Tenant")
1430 Honeyhill dr. (Street Address)
(Street Address), (Unit/Apartment #)
Walnut, CA 91789 (City), (State) (Zip Code) ("Premises").

Other notice address if different from Premises above: ______________________

**Notice to the above-named person(s) and any other occupants of the above-referenced Premises:**

WITHIN 3 (OR ☐ ________ (BUT NOT LESS THAN 3)) DAYS from service of this Notice you are required to either:

1. Pay rent for the Premises in the following amount, which is past due, to Sara Hassan (Name) (714)403-8410 (Phone)
at 710 s. Highland ln. Anaheim CA 92807 (Address)
between the hours of 9 a.m.- 9 p.m. on the following days: Monday- Sunday.

| | | | | | |
|---|---|---|---|---|---|
| Past Due Rent: | $ 2,295.00 | for the period | November 1, 2010 | to | November 30, 2010 |
| | $ | for the period | | to | |
| | $ | for the period | | to | |
| Total Due: | $ 2,295.00 | | | | |

**OR 2. Vacate the Premises and surrender possession.**

If you do not pay the past due amount or give up possession by the required time, a legal action will be filed seeking not only damages and possession, but also a statutory damage penalty of up to $600.00 (California Code of Civil Procedure § 1174). Landlord declares a forfeiture of the lease if past due rent is not paid and you continue to occupy the Premises. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to pay your rent.

Landlord (Owner or Agent) ______________________ Date 11/07/2010
Address 710 S. Highland ln. City Anaheim State CA Zip 92807
Telephone (714)403-8410 Fax ________ E-mail Shass002@gmail.com
(Keep a copy for your records.)

This Notice was served by:

1. ☐ **Personal service.** A copy of the Notice was personally delivered to the above named Tenant.
2. ☐ **Substituted service.** A copy of the Notice was left with a person of suitable age and discretion at the Tenant's residence or usual place of business and a copy was mailed to the Tenant at Tenant's residence.
3. ☒ **Post and mail.** A copy of the Notice was affixed to a conspicuous place on the Premises and a copy was mailed to the Tenant at the Premises.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1998-2003, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by ________ Date ________



[redacted] [redacted]71 Prepared using zipForm® software
[redacted]

EXHIBIT B

## PROOF OF SERVICE

I, the undersigned, being at least 18 years of age, served this notice, of which this is a true copy, on 11-7-10, one of the occupants listed above as follows:

[ ] On ______________, ____, I delivered the notice to the occupant personally.

[ ] On ______________, ____, I delivered the notice to a person of suitable age and discretion at the occupant's residence/business after having attempted personal service at the occupant's residence, and business, if known. On ______________, ____, I mailed a second copy to the occupant at his or her residence.

[X] On 11-7-10, ____, I posted the notice in a conspicuous place on the property, after having attempted personal service at the occupant's residence, and business, if known, and after having been unable to find there a person of suitable age and discretion. 11-7, 10, I mailed a second copy to the occupant at the property.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[signature] Hanan Hassan

Signature

Date: 11-7-10

 EXHIBIT B

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER-EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 29 2010

John A. Clarke, Executive Officer/Clerk

By ______________________, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
RICKY SANDERS; LINDA SANDERS; DOES 1 TO 5

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
HANAN HASSAN

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org), *en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del caso):* 10U01616

Superior Court of California, County of Los Angeles
350 W. Mission Blvd.
Pomona, CA 91766

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HANAN HASSAN
710 S. Highland Ln. (951) 377-9514
Anaheim, CA 92807

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415)** ☐ did not ☑ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: *(Fecha)* NOV 29 2010 JOHN A. CLARKE, CLERK Clerk, by *(Secretario)* SECODY STYLES, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ CCP 415.46 (occupant) ☐ other *(specify)*:
5. ☐ by personal delivery on *(date)*:





Martin Dean's Essential Forms™

EXHIBIT

SUM-130

| PLAINTIFF *(Name)*: HANAN HASSAN | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: RICKY SANDERS; LINDA SANDERS | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and ZIP:

   **Simple Legal Solutions**
   **600 W. Santa Ana Blvd, Ste. 114**
   **Santa Ana, CA 92701**
   **(714) 836-0300**
   **O.C. LDA No.: 143, 180, 232**

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)*:



EXHIBIT
Hassan, Hanan

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

HANAN HASSAN
710 S. Highland Ln.
Anaheim, CA 92807

TELEPHONE NO.: (951) 377-9514 FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): In Pro Per

FOR COURT USE ONLY

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 29 2010

John A. Clarke, Executive Officer/Clerk

By________________, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS: 350 W. Mission Blvd.

MAILING ADDRESS: Same

CITY AND ZIP CODE: Pomona, CA 91766

BRANCH NAME: Pomona Courthouse North

PLAINTIFF: HANAN HASSAN

DEFENDANT: RICKY SANDERS; LINDA SANDERS

☑ DOES 1 TO 5

10U01616

## COMPLAINT - UNLAWFUL DETAINER*

☑ COMPLAINT ☐ AMENDED COMPLAINT *(Amendment Number)*: ______

CASE NUMBER: 10U01616

**Jurisdiction** *(check all that apply)*:

☑ ACTION IS A LIMITED CIVIL CASE

Amount demanded ☑ does not exceed $10,000
☐ exceeds $10,000 but does not exceed $25,000

☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply)*:

☐ from unlawful detainer to general unlimited civil (possession not in issue) ☐ from limited to unlimited
☐ from unlawful detainer to general limited civil (possession not in issue) ☐ from unlimited to limited

1. PLAINTIFF *(name each)*: HANAN HASSAN

alleges causes of action against DEFENDANT *(name each)*:
RICKY SANDERS; LINDA SANDERS; DOES 1 TO 5

2. a. Plaintiff is (1) ☑ an individual over the age of 18 years. (4) ☐ a partnership.
(2) ☐ a public agency. (5) ☐ a corporation.
(3) ☐ other *(specify)*:

b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
1430 Honeyhill Dr.
Diamond Bar, CA 91789
County of Los Angeles

4. Plaintiff's interest in the premises is ☑ as owner ☐ other *(specify)*:

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date)*: 8/7/2010 defendant *(name each)*:
RICKY SANDERS; LINDA SANDERS

(1) agreed to rent the premises as a ☐ month-to-month tenancy ☑ other tenancy *(specify)*: 1 year term
(2) agreed to pay rent of $ 2,295 payable ☑ monthly ☐ other *(specify frequency)*:
(3) agreed to pay rent on the ☑ first of the month ☐ other day *(specify)*:

b. This ☑ written ☐ oral agreement was made with
(1) ☐ plaintiff. (3) ☐ plaintiff's predecessor in interest.
(2) ☑ plaintiff's agent. (4) ☐ other *(specify)*:

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).





EXHIBIT C

Hassan, Hanan

| PLAINTIFF *(Name)*: HANAN HASSAN | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: RICKY SANDERS; LINDA SANDERS | |

6. c. ☑ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☑ other *(specify)*: Unknown occupants
   d. ☐ The agreement was later changed as follows *(specify)*:

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
   f. ☑ *(For residential property)* A copy of the written agreement is not attached because *(specify reason)*:
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☑ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☑ a. Defendant *(name each)*: RICKY SANDERS; LINDA SANDERS

   was served the following notice on the same date and in the same manner:
   (1) ☑ 3-day notice to pay rent or quit
   (2) ☐ 30-day notice to quit
   (3) ☐ 60-day notice to quit
   (4) ☐ 3-day notice to perform covenants or quit
   (5) ☐ 3-day notice to quit
   (6) ☐ Other *(specify)*:
   b. (1) On *(date)*: 11/10/10 the period stated in the notice expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. ☑ The notice included an election of forfeiture.
   e. ☑ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*
   f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)*

8. a. ☑ The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) ☐ by personally handing a copy to defendant on *(date)*:
   (2) ☐ by leaving a copy with *(name or description)*: a person of suitable age and discretion, on *(date)*: at defendant's ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on *(date)*: because defendant cannot be found at defendant's residence or usual place of business.
   (3) ☑ by posting a copy on the premises on *(date)*: 11/7/10 ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: 11/7/10
   (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
   (b) ☑ because no person of suitable age or discretion can be found there.
   (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
   (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.
   b. ☐ *(Name)*:
   was served on behalf of all defendants who signed a joint written rental agreement.
   c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. ☑ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| | |
|---|---|
| PLAINTIFF *(Name)*: HANAN HA[illegible]N | CASE NUMBER: |
| DEFENDANT *(Name)*: RICKY SANDERS; LINDA SANDERS | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☑ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 2,295
11. ☑ The fair rental value of the premises is $ 77 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☑ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☑ past-due rent of $ 2,295
    d. ☑ reasonable attorney fees.
    e. ☑ forfeiture of the agreement.
    f. ☑ damages at the rate stated in item 11 from *(date)*: 12/1/10 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify)*:
18. ☑ Number of pages attached *(specify)*: 2

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☐ did not ☑ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*
    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date)*: 6/11

**Simple Legal Solutions**
**600 W. Santa Ana Blvd, Ste. 114**
**Santa Ana, CA 92701**
**(714) 836-0300**
**O.C. LDA No.: 143, 180, 232**

Date: 11/24/10

HANAN HASSAN
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/24/10

HANAN HASSAN
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF)



EXHIBIT

Hassan, Hanan

CALIFORNIA ASSOCIATION OF REALTORS®

# NOTICE TO PAY RENT OR QUIT
(C.A.R. Form PRQ, Revised 4/03)

To: *Linda Sanders* ("Tenant")
*Ricky Sanders* ("Tenant")
*1430 Honeyhill dr.* (Street Address)
(Street Address), (Unit/Apartment #)
*Walnut*, *CA* *91789* (City), (State) (Zip Code) ("Premises").

Other notice address if different from Premises above: ____________________

**Notice to the above-named person(s) and any other occupants of the above-referenced Premises:**

WITHIN 3 (OR ☐ ________ (BUT NOT LESS THAN 3)) DAYS from service of this Notice you are required to either:

1. Pay rent for the Premises in the following amount, which is past due, to *Sara Hassan* (Name) *(714)403-8410* (Phone)
at *710 s. Highland ln. Anaheim CA 92807* (Address)
between the hours of *9 a.m.- 9 p.m.* on the following days: *Monday- Sunday*.

| | | | | | |
|---|---|---|---|---|---|
| Past Due Rent: | $ *2,295.00* | for the period | *November 1, 2010* | to | *November 30, 2010* |
| | $ ________ | for the period | ________ | to | ________ |
| | $ ________ | for the period | ________ | to | ________ |
| Total Due: | $ *2,295.00* | | | | |

**OR 2. Vacate the Premises and surrender possession.**

If you do not pay the past due amount or give up possession by the required time, a legal action will be filed seeking not only damages and possession, but also a statutory damage penalty of up to $600.00 (California Code of Civil Procedure § 1174). Landlord declares a forfeiture of the lease if past due rent is not paid and you continue to occupy the Premises. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to pay your rent.

Landlord ____________________ Date *11/07/2010*
(Owner or Agent)
Address *710 S. Highland ln.* City *Anaheim* State *CA* Zip *92807*
Telephone *(714)403-8410* Fax ________ E-mail *Shass002@gmail.com*

(Keep a copy for your records.)

This Notice was served by:

1. ☐ **Personal service.** A copy of the Notice was personally delivered to the above named Tenant.
2. ☐ **Substituted service.** A copy of the Notice was left with a person of suitable age and discretion at the Tenant's residence or usual place of business and a copy was mailed to the Tenant at Tenant's residence.
3. ☒ **Post and mail.** A copy of the Notice was affixed to a conspicuous place on the Premises and a copy was mailed to the Tenant at the Premises.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1998-2003, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by ________ Date ________



[redacted] Prepared using zipForm® software

EXHIBIT 2 EXHIBIT C

**PROOF OF SERVICE**

I, the undersigned, being at least 18 years of age, served this notice, of which this is a true copy, on 11-7-10, one of the occupants listed above as follows:

[ ] On ____________, ____, I delivered the notice to the occupant personally.

[ ] On ____________, ____, I delivered the notice to a person of suitable age and discretion at the occupant's residence/business after having attempted personal service at the occupant's residence, and business, if known. On ____________, ____, I mailed a second copy to the occupant at his or her residence.

[X] On 11-7-10, ____, I posted the notice in a conspicuous place on the property, after having attempted personal service at the occupant's residence, and business, if known, and after having been unable to find there a person of suitable age and discretion. 11-7, 10, I mailed a second copy to the occupant at the property.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[signature] Hanan Hassan

Signature

Date: 11-7-10